MICHELE BECKWITH
Acting United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
2500 Tulare Street
Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>      v.<br><br>JAFAAR SEPTEMBER NYANGORO,<br><br>                      Defendant. | CASE NO. 1:25-CR-00093-JLT-SKO<br><br>STIPULATION AND ORDER FOR CONTINUANCE OF STATUS CONFERENCE<br><br>DATE: July 30, 2025<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

This case is scheduled for a status conference on June 18, 2025, before United States Magistrate Judge Sheila K. Oberto. Since the hearing was scheduled, the government has provided discovery. Given that the discovery was made available only recently, the defense requests additional time for defense preparation and investigation. Once the defense has an opportunity to review the discovery and discuss the case with the government, the parties will be in a better position to determine whether a trial is necessary, and if so, when that should be scheduled.

Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be

"relevant" in considering ends-of-justice Speedy Trial Act continuances. *United States v. Olsen*, 21 F.4th 1036, 1047 (9th Cir. 2022). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the [COVID-19] virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

In light of the factors above, this court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7). When continued, this court should designate a new date for the hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, accordingly stipulate as follows:

1. By previous order this matter was set for a status conference hearing on June 18, 2025. Since that hearing was scheduled, the government has made discovery available to defense counsel and made other items available for review or inspection. The defense requests additional time for defense preparation and investigation. The parties will also benefit from having time to consider how the case might best be resolved.

2. By this stipulation, the parties agree that the next court date be on July 30, 2025. The parties also agree to exclude time between June 10, 2025, and July 30, 2025, under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv).

3. The parties agree, and request that the Court find the following:

    a) The defense requests additional time for defense preparation and investigation. The government does not object to the continuance and joins in the request because its investigation has been continuing, a co-defendant must be extradited to the United States, and the parties would benefit from time to attempt to resolve the case without a trial.

   b) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   c) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from June 10, 2025, to July 30, 2025, inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at the request of the parties on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

   IT IS SO STIPULATED.

Dated: June 9, 2025

MICHELE BECKWITH
Acting United States Attorney

/s/ David Gappa
DAVID L. GAPPA
Assistant United States Attorney

Dated: June 10, 2025

/s/ John Garland
John Garland
COUNSEL FOR
JAFAAR SEPTEMBER
NYANGORO

3

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>JAFAAR SEPTEMBER NYANGORO,<br><br>                    Defendant. | CASE NO.  1:25-CR-00093-JLT-SKO<br><br>ORDER<br><br>DATE: July 30, 2025<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |
|---|---|

**ORDER**

In light of the Defendant's arraignment on May 29, 2025, the parties' request to continue the status conference from June 18, 2025, to July 30, 2025, at 1:00 p.m. is GRANTED. Time is excluded through July 30, 2025, pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

*Sheila K. Oberto*
THE HONORABLE SHEILA K. OBERTO
UNITED STATES MAGISTRATE JUDGE

4